**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 26-42401 |
| TEGETHOFF DEVELOPMENT, LLC, | ) | (Jointly Administered) |
| TEGETHOFF DEVELOPMENT CO, LLC, and | ) | |
| PEARL CAPITAL MANAGEMENT, LLC, | ) | |
| | ) | Hon. Brian C Walsh |
| Debtors.[1] | ) | U.S. Bankruptcy Judge |
| _____ | ) | |
| | ) | |
| TEGETHOFF DEVELOPMENT, LLC, | ) | Adversary Proceeding No. 26-04029 |
| TEGETHOFF DEVELOPMENT CO, LLC, and | ) | |
| PEARL CAPITAL MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Related Docket Numbers: 1 |
| | ) | |
| SOLERA PEARL, LLC, | ) | |
| SOLERA MULTIFAMILY, LLC, | ) | |
| SOLERA EXPO, LLC, ASPEN INVESTMENT | ) | |
| GROUP, LLC, HICKORY INVESTORS, LLC, | ) | |
| GROUNDGAME POLITICAL SOLUTIONS, | ) | |
| LLC, BRAD RICHEY, and PEARL REAL | ) | |
| ESTATE ADVISORS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS COMPLAINT SEEKING A DECLARATION OF**
**APPLICABILITY OF THE AUTOMATIC STAY, PURSUANT TO 11 U.S.C. § 362(a)**
**AND FOR INJUNCTIVE RELIEF, PURSUANT TO 11 U.S.C. § 105(a)**

Defendants/Creditors Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group,

LLC, Solera Multifamily, LLC, and Hickory Investors, LLC (collectively, "**Defendants**" or

"**Creditors**"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable

---

[1] The Debtors in the above-captioned, jointly administered chapter 11 case, along with the last four digits of each Debtor's federal taxpayer-identification number are (i) Tegethoff Development, LLC (2787); (ii) Tegethoff Development Co, LLC (2441), Case No. 26-42402; and (iii) Pearl Capital Management, LLC (5045), Case No. 26-42403.

in adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, for their Motion to Dismiss (the "**Motion**") Plaintiffs/Debtors Tegethoff Development, LLC ("**TD LLC**"), Tegethoff Development Co, LLC ("**TD Co LLC**"), and Pearl Capital Management LLC's ("**PCM**") (collectively, "**Debtors**" or "**Plaintiffs**") Complaint Seeking a Declaration of Applicability of the Automatic Stay, Pursuant to 11 U.S.C. § 362(a) and for Injunctive Relief, Pursuant to 11 U.S.C. § 105(a) (the "**Complaint**"). In support, Defendants state:

## PRELIMINARY STATEMENT

Plaintiffs' Complaint attempts to recast limited liability protections and selectively quoted operating agreement language into blanket immunity for non-debtor Jeffrey J. Tegethoff. The plain text of their own operating agreements, however, forecloses Plaintiffs' theory. The applicable limited liability provisions on which they rely either are not actually indemnification or the indemnification provisions that do exist contain express conditions and limitations that are not met on the pleaded facts.

More importantly, in each instance where Plaintiffs allegedly must indemnify Mr. Tegethoff, Mr. Tegethoff was sued and (and in Indiana, found liable) in his individual capacity, not "by reason of" his status as a member or manager of Plaintiffs. Because Plaintiffs hinge their stay-extension and § 105 requests on nonexistent or inapplicable indemnification rights and mischaracterize the judicial records, those requests fail as a matter of law. The complaint should be dismissed with prejudice.

## JURISDICTION, PARTIES, AND VENUE

1.    Contemporaneously filed with this Motion is Creditors' Consent to Entry of Judgment and Orders by Bankruptcy Court in accordance with 28 U.S.C. § 157(b).

2.    Venue is proper before this Court under 28 U.S.C. § 1409.

2

3. On June 1, 2026 (the "**Petition Date**"), Plaintiffs filed voluntary petitions for chapter 11 relief under title 11 of the United States Code (the "**Bankruptcy Code**") and are operating as debtors-in-possession.

4. As of the date of the filing of this Motion, no official committee of unsecured creditors has been appointed.

5. TD LLC and TD Co LLC are limited liability companies organized and existing under the laws of the State of Missouri with their principal place of business located in St. Louis, Missouri.

6. PCM is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business located in St. Louis, Missouri.

7. Creditors are limited liability companies organized and existing under the laws of the State of Indiana with their principal place of business located in Carmel, Indiana.

8. On June 18, 2026, Plaintiffs filed the instant adversary proceeding and a motion for preliminary injunction, seeking to extend the 11 U.S.C. § 362 automatic stay to non-debtor, non-defendant, Jeffrey J. Tegethoff, individually, pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 65.

**FACTS SUPPORTING DISMISSAL**

**I.      The PCM Operating Agreement**

9. According the Third Amended and Restated Operating Agreement of Pearl Capital Management, LLC (the "**PCM Operating Agreement**") dated July 1, 2014 and referred to in the Complaint as Exhibit A, Brad Richey and Mr. Tegethoff are the members of PCM.[2] *See* Dckt. No. 6.

---

[2] Presumably, the PCM Agreement referred to in the Complaint as Exhibit A has been amended, because PCM indicates Mr. Tegethoff is its sole member in its schedules. *See* 26-42403, Dckt. No. 1, at ¶ 28.1.

10.     Pursuant to Section 10.1 of the PCM Operating Agreement,

The Company shall indemnify any individual who is or was a Member or Manager against liability and expenses, including attorneys' fees and expenses, incurred by him in any action, suit, or proceeding, whether civil, criminal, administrative, or investigative, and whether formal or informal, in which he is made or threatened to be made a party by reason of being or having been in any such capacity, or arising out of his status as such, **except in the case of any action, suit, or proceeding terminated by judgment, order, or conviction, in relation to matters as to which he is adjudged to have breached or failed to perform the duties of his office as required by the Act or this Agreement and the breach or failure to perform constituted gross negligence or reckless conduct, intentional misconduct or a knowing violation of the law**. The Company may pay for or reimburse reasonable expenses incurred by a Member or Manager in defending any action, suit, or proceeding in advance of the final disposition thereof upon receipt of (a) a written affirmation of the Member's or Manager's good faith belief that he has met the standard of conduct prescribed herein; and (b) an undertaking of the Member or Manager to repay the amount paid by the Company **if it is ultimately determined that the Member, Manager or Officer is not entitled to indemnification by the Company**.

Dckt. No. 6, at ¶ 10.1 (emphasis added).

## II.      The TD LLC Operating Agreement

11.     According to the First Amendment to and Restatement of the Operating Agreement of Tegethoff Development, LLC dated April 19, 2022 (the "**TD Operating Agreement**") and referred to in the Complaint as Exhibit B, Jeffrey J. Tegethoff, Trustee of the JJT Revocable Trust Dated November 27, 2017, As Amended is the sole member of TD.[3]

12.     Pursuant to Section 5 of the TD Operating Agreement, TD LLC's members "shall not be bound by, or be personally liable for, any expense, liability, or obligation of the Company." Dckt. No. 7, at ¶ 5.

---

[3] Again, presumably, TD LLC's Operating Agreement must have been amended since TD LLC identified Mr. Tegethoff as its sole member in its schedules. *See* 26-42401, Dckt. No. 1, at ¶ 28.1.

4

### III.     The TD Co LLC Operating Agreement

13.     According the Operating Agreement of Tegethoff Development Co, LLC (the "**TD Co Operating Agreement**") dated January 1, 2021 and referred to in the Complaint as Exhibit C, Matthew Cremer and Jeffrey J. Tegethoff, Trustee of the JJT Revocable Trust Dated November 27, 2017 are the members of TD Co LLC.[4] *See* Dckt. No. 8, at ¶ 33.

14.     The TD Co Operating Agreement identifies Mr. Tegethoff as TD Co LLC's manager. *See id.*

15.     Pursuant to Section 7.2 of the TD Co Operating Agreement, TD Co LLC shall indemnify its members, managers, and officers

> from and against any and all losses, claims, damages, liabilities, expenses (including legal fees and expenses), judgments, fines, settlements and other amounts arising from any and all claims, demands, actions, suits or proceedings, civil, criminal, administrative or investigative, in which the Indemnitee may be involved, or threatened to be involved, as a party or otherwise by reason of such Indemnitee's status as any of the foregoing, which relates to or arises out of the Company, its assets, business or affairs, **if in each of the foregoing cases (i) the Indemnitee acted in good faith and in a manner such Indemnitee believed to be in, or not opposed to, the best interests of the Company, and, with respect to any criminal proceeding, had no reasonable cause to believe such Indemnitee's conduct was unlawful, and (ii) the Indemnitee's conduct did not constitute gross negligence or willful or wanton misconduct**. The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere, or its equivalent, shall not, of itself, create a presumption that the Indemnitee acted in a manner contrary to that specified in (i) or (ii) above. Any indemnification pursuant to this Article 7 shall be made only out of the assets of the Company and no Manager or Member shall have any personal liability on account thereof.

Dckt. No. 8, at ¶ 7.2 (emphasis added).

---

[4] Again, presumably, the TD Co Agreement referred to in the Complaint as Exhibit C has been amended, because TD Co identified Mr. Tegethoff as its sole member in its schedules. *See* 26-42402, Dckt. No. 1, at ¶ 28.1.

**IV.     The Indiana Litigation**

16.     On December 21, 2023, Solera Pearl, LLC, Solera Expo, LLC, and Aspen Investment Group, LLC (collectively, the "**Solera Creditors**") filed an Indiana state court action against PCM and Mr. Tegethoff in the Marion County, Indiana Superior Court, Cause No. 49D01-2312-PL-049785 (the "**Indiana Litigation**"), alleging breach of contract, fraud, fraud in the inducement, conversion, breach of fiduciary duty, and seeking a declaratory judgment and an accounting. *See* Dckt. No. 1, ¶ 16.

17.     TD LLC was later added as a defendant to the Indiana Litigation. *See* Exhibit A, Amended Complaint. [5]

18.     As to Mr. Tegethoff, the Solera Creditors sued him personally for (i) fraud; (ii) fraud in the inducement; and (iii) conversion. *See generally id.*

19.     On October 24, 2025, a consent judgment (the "**Indiana Consent Judgment**") was entered in the Indiana Litigation in favor of the Solera Creditors and against PCM, TD LLC, and Mr. Tegethoff, individually, jointly and severally, for $13,000,000, along with costs of collection. *See* Dckt. No. 1, at ¶ 17. *See also* Exhibit B, Indiana Consent Judgment.

**V.     The Missouri Litigation**

20.     On March 12, 2026, Solera Multifamily, LLC and Hickory Investors, LLC (collectively, the "**Solera Multifamily Plaintiffs**") filed an amended complaint in the United States District Court for the Eastern District of Missouri against Mr. Tegethoff, the AET 2021 Irrevocable Trust, the Mono Suerte Trust, TD LLC, and TD Co LLC (the "**Missouri Litigation**"). *See* Dckt. No. 1, at ¶ 31. *See also* Exhibit C, Solera Multifamily Plaintiffs' Amended Complaint.

---

[5] As explained below, this Court may take judicial notice of items outside the pleadings without converting this Motion to a motion for summary judgment.

21.　The Solera Multifamily Plaintiffs' complaint alleges Mr. Tegethoff, as manager of Old Hickory Partners, LLC ("**OHP**"), fraudulently induced the Solera Multifamily Plaintiffs to purchase interests in OHP and that Mr. Tegethoff then used the Solera Multifamily Plaintiffs' funds to enrich himself, among other things. *See generally id.*

22.　The Solera Multifamily Plaintiffs brought twelve total causes of action, eight against Jeff personally: breach of contract, breach of fiduciary duty, fraud in the inducement, fraud, negligent misrepresentation, securities fraud under Missouri law, theft/conversion, and request for declaratory relief. *See generally id.*

## LEGAL STANDARD

23.　"A motion made under Federal Rule of Bankruptcy Procedure 12(b)(6), made applicable to bankruptcy proceeding[s] by Federal Rule of Bankruptcy Procedure 7012(b), concerns the legal sufficiency of a complaint based on failure to state a claim upon which relief can be granted." *In re Barnes*, 2010 WL 3895463, at *3 (Bankr. E.D. Mo. Sept. 29, 2010) (*citing* Fed. R. Civ. P. 12(b)(6)).

24.　"When considering a Rule 12(b)(6) motion to dismiss, the court accepts well-pleaded factual allegations in the complaint as true and construes all reasonable inferences in favor of the nonmoving party." *In re Jencks*, 671 B.R. 252, 259 (B.A.P. 8th Cir. 2025) (*citing Par v. Wolfe Clinic, P.C.*, 70 F. 4th 441, 445 (8th Cir. 2023)).

25.　Pursuant to Federal Rule of Civil Procedure 10(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7010, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

26.　Because exhibits to complaints are part of the pleading itself, this Court may consider the exhibits attached to Plaintiffs' Complaint without converting this Motion to a motion

7

for summary judgment. *See Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) ("In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.") (cleaned up).

27. This Court may also consider matters outside of the pleadings if such documents are subject to judicial notice or "necessarily embraced by the complaint" without converting this Motion to a motion for summary judgment. *See Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) ("When considering . . . a motion to dismiss under Fed.R.Civ.P. 12(b)(6)[ ], the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.") (internal citations omitted); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is not precluded in its review of the complaint from taking notice of items in the public record.") (cleaned up).

28. Although this Court must generally accept as true Plaintiffs' factual allegations for the purpose of analyzing this Motion, "a plaintiff is the master of his own complaint, and [this Court] is not required, even at this preliminary stage, to draw unreasonable inferences from documents the plaintiff makes a part of the complaint." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 461 (8th Cir. 2010). *See also Zean v. Fairview Health Servs.*, 858 F.3d 520, 526-27 (8th Cir. 2017) (establishing this Court may consider the contracts attached to Plaintiffs' Complaint even if the contracts contradict the allegations in the Complaint: "In a case involving a contract, a court may examine the contract documents in deciding a motion to dismiss for failure to state a claim; this is

true even if contract documents not attached to the complaint refute a breach-of-contract claim, or

a claim that defendant breached a statutory or common law duty.").

29.     Moreover, "although for the purposes of this motion to dismiss [this Court] must

take all the factual allegations in the complaint as true, [this Court is] not bound to accept as true

a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## **ARGUMENT**

30.     In their Complaint, Plaintiffs seek to impose indemnification obligations on

*themselves* and to leverage those obligations into an extension of the automatic stay and injunctive

relief under 11 U.S.C. § 105 to benefit their insider and sole member: Mr. Tegethoff.

31.     To do so, Plaintiffs rely on the Indiana Consent Judgment and allegations in the

Missouri Litigation to argue that any claims against Mr. Tegethoff are brought against him solely

"by reason of" his status as a member or manager of Plaintiffs.

32.     As shown below, Plaintiffs' Operating Agreements, and the judicial records on

which Plaintiffs rely, defeat those theories as a matter of law. As such, Plaintiffs' Complaint must

be dismissed with prejudice.

**I.      PCM and TD LLC's Operating Agreements Do Not Create the Indemnification
         Obligations Plaintiffs Assert**

33.     As to PCM and TD LLC, Plaintiffs' sweeping indemnification theory turns on

reading isolated phrases in their operating agreements as unconditional promises to pay their

members and/or managers' personal liabilities.

34.     Such a reading is incompatible with the operating agreements' express limitation

and therefore, this Court is not required to take Plaintiffs' allegations (or, rather, legal conclusions)

as true. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court

must accept allegations of fact as true when considering a motion to dismiss, the court is free to

ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.").

35.     As set forth in PCM and TD Co LLC's Operating Agreements, indemnification, where provided, is conditioned on the capacity in which member or manager acted, compliance with the agreement and applicable law, and the absence of disqualifying conduct, including bad faith, willful misconduct, or knowing violations of law.

36.     For example, PCM is only required to indemnify its members and/or managers when two preconditions are met: (i) the action must have been against the member or manager "by reason of being or having been" a member or manager of PCM, "or arising out of his status as" as member or manager of PCM and (ii) the action must not have been

> in relation to matters as to which [the member or manager] is adjudged to have breached or failed to perform the duties of his office as required by [the Indiana Business Flexibility Act] or [the PCM Operating Agreement] and the breach or failure to perform constituted gross negligence or reckless conduct, intentional misconduct or a knowing violation of the law

Dckt. No. 6, at ¶ 10.1.

37.     The TD Co Operating Agreement contains materially similar limitations in that a member, manager, or officer of TD Co LLC is entitled to indemnification only if (i) the member, manager, or officer was involved as a party by reason of his status as a member, manager, or officer of TD Co LLC; (ii) the member, manager, or officer acted in good faith and in a manner he believed to be in, or not opposed to, the best interests of TD Co LLC with no reasonable cause to believe his conduct was unlawful; and (iii) his conduct did not constitute gross negligence or willful or wanton misconduct. *See* Dckt. No. 8, at ¶ 7.2.

38. None of these provisions states or implies that PCM or TD Co LLC must unconditionally satisfy a member's or manager's personal tort liability to third parties irrespective of these conditions.

39. To the contrary, each provision only provides for indemnification as to losses "incurred by reason of" good-faith performance of company duties and excludes losses arising from fraud, conversion, or other intentional torts. *See* Dckt. No. 6, at ¶ 10.1; Dckt. No. 8, at ¶ 7.2.

40. Therefore, Plaintiffs must only indemnify Mr. Tegethoff when he is sued in his capacity as a member/manager or member/manager/officer, of PCM and TD Co LLC, respectively, and then, only if Mr. Tegethoff did not commit individual torts while such a member, manager, or officer.

41. Because the pleaded facts and attached judicial records tie Mr. Tegethoff's liability to personal tortious conduct, not protected company service, the plain text of PCM and TD LLC's Operating Agreements forecloses indemnification.

42. Moreover, Plaintiffs' conclusory allegations regarding the events giving rise to the Indiana and Missouri Litigation against Mr. Tegethoff are plainly contradicted by PCM and TD Co LLC's operating agreements and the incorporated judicial records, therefore, this Court is not required to take Plaintiffs' assertions as true.

**A.     The Indiana Consent Judgment is against Mr. Tegethoff in his personal capacity.**

43. The Indiana Consent Judgment on its face imposes liability on Mr. Tegethoff in his personal capacity. *See generally* Ex. B, Indiana Consent Judgment.

44. Indeed, the caption of the Indiana Litigation is against "Jeffrey J. Tegethoff, individual." *Id.*

45.     By the plain language of the Indiana Consent Judgment, Mr. Tegethoff *agreed* that a judgment would be entered against him. *See id.* ("[PCM], [TD LLC], and Jeffrey J. Tegethoff (collectively, "Defendants") **agree** that a judgment will be entered in favor of Plaintiffs and against Defendants, jointly and severally, . . . .") (emphasis added).

46.     Moreover, Mr. Tegethoff signed the Indiana Consent Judgment in his capacity both as manager of PCM and TD LLC—and individually. *See id.*

47.     In other words, the Indiana Consent Judgment is unambiguously against Mr. Tegethoff in his personal capacity and independent of his status as a member and/or manager of PCM or TD LLC.

48.     Therefore, by its very nature, Indiana Consent Judgment is excluded from PCM's indemnification obligations because it falls squarely within PCM's Operating Agreement carve-out for when a member and/or manager's conduct that was not taken in the individual's capacity as a member or manager of PCM. *See* Dckt. No. 6, at ¶ 10.1 (indemnification only required when action is against member or manager "by reason of being or having been in" a member or manager of PCM "or arising out of his status as" as member or manager of PCM).

49.     The United States Bankruptcy Court for the District of Nebraska has confirmed "control" persons are not entitled to indemnification if the claims are against them in their individual capacity and not in their capacity as "control" persons. *See In re QA3 Financial Corp.*, 466 B.R. 142, 147 (Bankr. D. Neb. 2012) ("The individual respondents are protected by the automatic stay for "control person" claims. They do not have the benefit of the automatic stay for any other claims against them.").

50.     Nor would such "control" persons entitled to have the bankruptcy stay extended to them for claims arising out of their own tortious conduct. *See id.*

12

51.     As explained above, the Indiana Consent Judgment is a judgment against Mr. Tegethoff, not in his capacity as a "control" person of TD LLC and PCM, but a judgment against him in his personal capacity and therefore, indemnification potentially available from TD LLC or PCM is irrelevant.

52.     As such, Plaintiffs fail to state a plausible claim for indemnification from PCM to Mr. Tegethoff and the Complaint must be dismissed.[6]

**B.      The Missouri Litigation is against Mr. Tegethoff in his personal capacity.**

53.     Like with PCM and the Indiana Consent Judgment, Mr. Tegethoff is not entitled to indemnification from TD Co LLC in connection with the Missouri Litigation.

54.     As explained above, the Solera Multifamily Plaintiffs sued Mr. Tegethoff, in his personal capacity, for actions he took as the manager of OHP, among other things. *See* Ex. C, Solera Multifamily Plaintiffs' Amended Complaint, at ¶¶ 270-366.

55.     Therefore, Solera Multifamily Plaintiffs' claims are not against Mr. Tegethoff by reason of him being or having been a member and/or manager of TD Co LLC and the Missouri Litigation did not arise out of Mr. Tegethoff's status as a member and/or manager of TD Co LLC. *See* Dckt. No. 8, at ¶ 7.2 (establishing TD Co LLC must indemnify Mr. Tegethoff only if he was involved as a party in the Missouri Litigation by reason of his status as a member, manager, or officer of TD Co LLC). *See, e.g., QA3 Financial Corp.*, 466 B.R. at 147 ("The individual respondents are protected by the automatic stay for "control person" claims. They do not have the benefit of the automatic stay for any other claims against them.").

---

[6] Although TD LLC was party to the Indiana Litigation, Plaintiffs do not seek indemnification from TD LLC as to Mr. Tegethoff (as they do with PCM). This is likely because Plaintiffs mistakenly did not plead the Indiana Consent Judgment is against PCM, Mr. Tegethoff, and TD LLC. Nevertheless, for the same reasons TD LLC has no obligation to indemnify Mr. Tegethoff in connection with the Missouri Litigation, TD LLC has no obligation to indemnify Mr. Tegethoff in connection with the Indiana Litigation.

56.     As such, Mr. Tegethoff cannot satisfy the first precondition in TD Co LLC's Operating Agreement and TD Co LLC has no obligation to indemnity him.

57.     As such, Plaintiffs fail to state a plausible claim for indemnification from TD Co LLC to Mr. Tegethoff and the Complaint must be dismissed.

## II.     Mr. Tegethoff is Not Entitled to Indemnity from TD LLC in connection with the Missouri Litigation

58.     Plaintiffs likewise fail to state a plausible claim for indemnification from TD LLC to Mr. Tegethoff in connection with the Missouri Litigation.

59.     First, the Solera Multifamily Plaintiffs sued Mr. Tegethoff, in his personal capacity, for actions he took as the manager of OHP, among other things. *See generally* Exhibit C, Solera Multifamily Plaintiffs' Amended Complaint.

60.     Plaintiffs make conclusory statements that the Missouri Litigation actually stems from Mr. Tegethoff's "actions as manager of TD and the ways in which he managed TD's subsidiary Old Hickory Partners, LLC." Dckt. No. 1, at ¶ 32.

61.     However, a quick review of the Missouri Litigation (and OHP's operating agreement, which is an exhibit to the Solera Multifamily Plaintiffs' Complaint in the Missouri Litigation) makes clear this allegation is incorrect.[7]

62.     But even if the allegations in the Missouri Litigation were (i) against Mr. Tegethoff for actions he took as manager of TD LLC and as manager of OHP; and (ii) OHP was a subsidiary

---

[7] "Subsidiary" is no longer a defined term under the Bankruptcy Code; however, "affiliate" is. *See generally In re Interlink Home Health Care, Inc.*, 283 B.R. 429, 437-38 (Bankr. N.D. Texas 2002) (explaining interplay between definitions of "subsidiary" and "affiliate" in development of the current Bankruptcy Code). Nevertheless, OHP is not an affiliate of TD LLC. According to TD LLC's schedules, TD LLC owns 8.33% of OHP. *See* 26-42401, Dckt. No. 1, p. 12, at ¶ 15.1.4. Pursuant to the Solera Multifamily Plaintiffs' Complaint, Mr. Tegethoff—not TD LLC—was the manager of OHP. *See, e.g.,* Exhibit C, Solera Multifamily Plaintiffs' Amended Complaint, at ¶¶ 56, 59-60. Therefore, OHP is not even an affiliate of TD LLC, much less a subsidiary. *See generally* 11 U.S.C. § 101(2).

of TD LLC, Plaintiffs still fail to state a claim relief because TD LLC's Operating Agreement does not include any indemnification provisions. *See generally* Dckt. No. 7.

63.     Instead, TD LLC's Operating Agreement merely restates black letter law that members of a limited liability company are not personally liable for expenses, liabilities, and obligations of the company. *See id.* at ¶ 5. *See also* RSMo § 347.057 ("A person who is a member, manager, or both, of a limited liability company is not liable, solely by reason of being a member or manager, or both, under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise or for the acts or omissions of any other member, manager, agent or employee of the limited liability company.").

64.     Limited liability is not the same as indemnification. Limited liability allocates risk between equity holders and the entity by restricting members' exposure for entity debts; it does not obligate the entity to make a member whole for that member's own liabilities.

65.     Therefore, Mr. Tegethoff is not entitled to any indemnity from TD LLC in connection with the Missouri Litigation and Plaintiffs fail to state a claim for relief.

## CONCLUSION

66.     Plaintiffs seek the extraordinary remedy of extending the automatic stay and obtaining injunctive relief under § 105 for the benefit of their single non-debtor insider without making a plausible showing that claims against Mr. Tegethoff are effectively claims against their estates.

67.     As shown, no indemnification obligations exist under TD LLC's operating agreement, and the PCM and TD Co LLC agreements, by their terms, do not apply to Mr. Tegethoff's personal liability (notwithstanding the additional exclusions for tortious conduct).

15

68.     At no point do Plaintiffs plausibly allege an identity of interests sufficient to make a judgment against Mr. Tegethoff tantamount to a judgment against Plaintiffs.

69.     Absent a viable indemnification claim or a well-pleaded identity-of-interests theory, extension of the stay and § 105 injunctive relief are unavailable as a matter of law and Plaintiffs' Complaint should be denied with prejudice.

WHEREFORE, Defendants/Creditors Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group, LLC, Solera Multifamily, LLC, and Hickory Investors, LLC move to dismiss Plaintiffs/Debtors Tegethoff Development, LLC, Tegethoff Development Co, LLC, and Pearl Capital Management LLC's Complaint Seeking a Declaration of Applicability of the Automatic Stay, Pursuant to 11 U.S.C. § 362(a) and for Injunctive Relief, Pursuant to 11 U.S.C. § 105(a) with prejudice, and move for all other appropriate relief.

Respectfully submitted,

*/s/ Kaylin O. Cook*
Clayton Kuhn, #55222MO
SANDBERG PHOENIX & von GONTARD P.C.
701 Market Street, Suite 600
St. Louis, MO 63101-1313
(314) 231-3332
(314) 241-7604 (fax)
ckuhn@sandbergphoenix.com
crobinson@sandbergphoenix.com

Aaron D. Grant, *pro hac vice*
Kaylin O. Cook, *pro hac vice*
McCARTER & ENGLISH, LLP
10 E. Main Street, Suite 200
Carmel, IN 46032
(317) 810-5500
(317) 602-1698 (fax)
agrant@mccarter.com
kcook@mccarter.com

*Attorneys for Creditors Solera Pearl, LLC*
*Solera Expo, LLC, Aspen Investment Group, LLC,*

16

*Solera Multifamily, LLC, and Hickory Investors, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on the 20th day of July 2026, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

*/s/ Kaylin O. Cook*
Kaylin O. Cook